In re Deborah MOORE, Debtor.

The CHASE MANHATTAN BANK,
N.A., Plaintiff,

v.

Deborah MOORE, Defendant.

Bankruptcy No. 84–1680–BKC–8P7.
Adv. No. 84–471.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 28, 1988.

Bruce A. Nants, Orlando, Fla., for plaintiff.

James C. McKenzie, Clearwater, Fla., for defendant.

ORDER ON MOTION TO QUASH WRIT OF EXECUTION AND MOTION TO STAY PENDING APPEAL

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration are two Motions filed by The Chase Manhattan Bank, Plaintiff in the above-captioned adversary proceeding. One is a Motion to Quash Writ of Execution; the other, a Motion to Stay Pending Appeal. The events leading up to these matters arose in this adversary proceeding instituted by Chase who sought a determination by this Court that the sum admittedly owed to Chase by the Debtor is a non-dischargeable debt. This claim was based on the contention of Chase that the Debtor obtained monies from Chase by misrepresentation, false pretenses or by actual fraud through abusive use of her credit card issued by Chase. In due course the issues were tried. At the conclusion of the trial this Court entered its Memorandum Opinion in which it held that based on the decision by the Eleventh Circuit Court in *First National Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir.1983) the claim of non-dischargeability of Chase could not be upheld. Based on the conclusions set forth in the Memorandum Opinion, the Court entered a Final Judgment declaring the debt owed by the Debtor to Chase was dischargeable. The Final Judgment did not provide for the retention of jurisdiction for any further proceeding.

Notwithstanding, on March 19, 1986, this Court awarded attorney fees to the Debtor in the amount of $2,000 pursuant to

§ 523(d) of the Bankruptcy Code. This Section authorizes the award to a Debtor of reimbursement of costs and attorney fees against a creditor who requested a determination of non-dischargeability of a consumer debt and the court having concluded that the position of the creditor was not substantially justified.

In due course Chase appealed the Final Judgment which, having been considered by the District Court affirmed the Final Judgment. Chase having been aggrieved by the Order of the District Court, timely filed a Notice of Appeal to the Eleventh Circuit Court of Appeals and sought an en banc consideration of its claim; urging the Court of Appeals to disregard its previous decision in *Roddenberry* and reverse the District Court and this Court.

This appeal is still pending and so far no stay pending appeal was granted either by this Court or by the District Court. On January 5, 1988 counsel for the Debtor obtained a Writ of Execution from the Clerk of this Court, mailed the same to the office of the U.S. Marshall in the Southern District of New York requesting that the Marshall execute the Writ and levy on the assets of Chase in order to satisfy the attorney fee award granted by this Court to counsel by the Debtors.

Chase, in order to stop any further collection efforts by the Debtor filed the Motions under consideration seeking an Order quashing the Writ of Execution or in the alternative grant a Stay pending appeal. The attack of Chase on the legal validity of the Writ of Execution based on the premise that under Florida law a Final Judgment shall contain the phrase "let execution issue" and since the Order awarding the attorney fees does not contain this phrase consequently the Writ of Execution was issued improperly.

It is the contention of Chase that the Defendant must obtain an Order Amending Nunc Pro Tunc the previous Order Granting Attorney Fees to provide in the Order the language "for which let execution issue". In addition, it is contended by Chase that under 28 U.S.C. § 1963 that the appeal by Chase of the Order Granting Attorney Fees which is still pending operates as a complete bar to the issuance of a writ and prohibits any execution of the writ in another Federal District until the appellate process is over. In addition, Chase contends that, in any event, the Defendant's attempt to enforce an order by the writ issued from this Court addressed to the U.S. Marshall located outside the boundaries of the State of Florida is an abuse of the judicial process (sic). It should be noted that counsel for Chase did not put in issue the real question which is the propriety vel non of the use of a writ of execution to enforce an "order" as distinguished from a final judgment.

Both Chase and the Debtor have cited cases in support of their respective positions on this last contention. Counsel for the respective parties believe that the battle between Chase and the Debtor apparently can be won or lost upon the resolution by this Court of which is the controlling law. However, this Court is of the opinion that the matter under consideration may be resolved on an elementary procedural basis.

The Debtor attempted a levy to collect the attorney fee award based on an Order. While it is clear that a Writ of Execution may be used to enforce a final judgment, this is not the case when an order is involved. Thus, even if a final judgment was entered by this Court, which is not the case, the same cannot be domesticated unless the final judgment is registered with the District Court in New York who then shall issue a writ of execution.

Based on the foregoing, this Court is satisfied that the Motion to Quash Writ of Execution and Motion for Stay Pending Appeal should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Quash Writ of Execution and Motion for Stay Pending Appeal be, and the same are hereby, granted and the Writ of Execution be, and the same is hereby, granted.